UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60142-RAR-1

UNITED STATES OF AMERICA

vs.

**ALEXIS GERMAN ROMERO-NUNEZ**,

 Defendant.
           /

## ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** comes before the Court on Defendant Alexis German Romero-Nunez's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10 and 4C1.1 ("Motion"), [ECF No. 135], filed on March 11, 2024. The Court having carefully reviewed the Motion; the United States' Response in Opposition ("Response"), [ECF No. 141]; the record; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

Defendant's Motion seeks a sentence reduction pursuant to the United States Sentencing Commission's recently promulgated Amendment 821, which mandates a retroactive, two-level reduction to the offense levels for certain qualifying, low-level, non-violent offenders with minimal criminal histories. *See* U.S.S.G. § 4C1.1. But here, though Defendant qualifies for the zero-point offender adjustment, the Court finds that the 18 U.S.C. § 3553(a) factors militate against further reduction of Defendant's sentence.

On June 23, 2022, Defendant pleaded guilty to conspiracy to import five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 963 (Count 1); importation of five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 952(a) (Count 2); conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 3); and attempted possession with intent to distribute five (5) kilograms or more of cocaine in violation of

21 U.S.C. § 846. [ECF No. 82–83]. As part of his plea agreement, Defendant also signed a factual proffer stipulating that he was directly involved in a drug smuggling operation that had shipped or attempted to ship at least two containers via Port Everglades—one containing seventy-three (73) kilograms of cocaine and one containing seventy-two (72) kilograms of cocaine—from the Dominican Republic into the United States, via a warehouse leased by Defendant, to its final destination, a second warehouse associated with the company Carrera Produce and owned by Co-Defendant Annel Antonio Carrera ("Carrera"). *See* Nunez Factual Proffer for Change of Plea ("Proffer"), [ECF No. 84] at 1–4. After Defendant was arrested without incident—at the warehouse owned by Carrera—he admitted that he had been recruited by Co-Defendant Wilkin Leonardo Colon-Emeterio to remove narcotics from the containers and voluntarily agreed to cooperate with law enforcement and wear a recording device while meeting with his two Co-Defendants later that same day. Proffer at 3. Upon listening to the conversations between Defendant and his two Co-Defendants, law enforcement arrested all three without incident. *Id*.

Prior to sentencing, Defendant's Final Presentence Investigation Report ("PSR"), [ECF No. 101], reflected that Defendant qualified for the Safety Valve provision of § 5C1.2 and accordingly incorporated a two-level reduction pursuant to § 2D1.1(b)(18); the PSR additionally incorporated a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b). *See* PSR at ¶¶ 22–31, [ECF No. 101]. As a result, Defendant's offense level prior to sentencing was set at 29 with a criminal history category of I, yielding a sentencing range of 87 to 108 months' imprisonment; no objections were filed. *See* PSR at ¶ 67, [ECF No. 101]; [ECF No. 140] at 3:2–25. At sentencing on June 23, 2023, the Government moved *ore tenus*, pursuant to U.S.S.G. § 5K1.1, for a reduction in Defendant's sentence down to 60 months' imprisonment based upon Defendant's substantial assistance to authorities. [ECF No. 140] at 8:15–10:24; [ECF No. 111]. Defendant requested an additional downward variance to 40 months pursuant to 18

U.S.C. § 3553(a).  *See* [ECF No. 140] at 15:9-10.  Ultimately, the Court granted the Government's *ore tenus* motion and then varied downward an additional six months, to 54 months' imprisonment followed by five years' supervised release.  *See* [ECF Nos. 111–112]; [ECF No. 140] at 20:9–20:19.  Thus, Defendant's final sentence fell 33 months below the 87-month low-end of Defendant's original sentencing guidelines range.  *See* [ECF Nos. 111–112].

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified."  *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up).  Specifically, § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is *consistent with applicable policy statements issued by the Sentencing Commission*."  18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.  *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  *Id.*

The applicable retroactive amendment here is Amendment 821's zero-point offender adjustment, which lays out a set of ten criteria that a defendant must meet to qualify for the two-level reduction.  *See* U.S.S.G. § 4C1.1.  But as noted above, even if a defendant is eligible for relief

under § 3582(c)(2), the Court must then determine if it will exercise its discretion to reduce a defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Turning to Defendant's Motion, the Court first notes that Defendant does not specify the exact amount of the sentence reduction he is requesting. Instead, the Motion asks only that the Court apply the zero-point offender adjustment and seeks a variance that accounts for the Court's previous sentencing decisions— *i.e.*, the 5K reduction—that is "correspondingly less." Mot. at 5; *see also* U.S.S.G. § 1B1.10(b)(2)(B) ("If the term of the imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range *may be* appropriate." (emphasis added)). However, although Defendant meets each of U.S.S.G. § 4C1.1's ten criteria, the § 3553(a) factors militate against further reduction of Defendant's sentence.

For one, the nature and circumstances of the offense here—namely, Defendant's integral involvement in an international drug smuggling conspiracy that successfully moved a significant amount of cocaine into the country through Port Everglades, *see generally* Proffer—demonstrates a high level of criminal intent, planning, and determination, and posed significant risk to the community.  For another, Defendant already received the benefit of a significant reduction to his sentence pursuant to the Government's 5K *ore tenus* motion in addition to the Court's six-month downward variance, both of which the Court applied at sentencing, and reductions that, taken together, resulted in a 54-month sentence that fell 33 months below the low-end of Defendant's original guidelines range.  And assuming the Court were to apply the zero-point offender adjustment here, Defendant's adjusted offense level would be 27 with an adjusted guidelines range of 70–87 months.  Accordingly, the 54-month sentence Defendant received would *still* fall 16 months *below* the low-end of Defendant's adjusted guidelines range after applying the zero-point offender adjustment.

Ultimately, after considering the seriousness and scale of the drug distribution conspiracy, Defendant's cooperation, and the relevant § 3553(a) factors, the Court finds that a sentence of 54 months' imprisonment appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate specific and general deterrence to serious criminal conduct of this nature.  Consequently, Defendant's Motion, [ECF No. 135], is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 2nd day of June, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**